## Young *v.* Prange.

### Opinion delivered December 23, 1918.

1. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE.—In an action to recover damages to a rice crop from failure to furnish water, particular testimony of a witness as to the crop produced on other land did not take into account the particular season or method of farming, where the witness also testified as to the same year and as to the method of cultivation.

2. WITNESSES—CROSS-EXAMINATION.—In an action to recover damages to a rice crop caused by failure to furnish water, where defendant had testified as to improper cultivation by plaintiff, it was proper to cross-examine him as to crops on similar lands similarly cultivated.

3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—In an action to recover damage to a rice crop from failure to furnish water, cross-examination of defendant as to good crops made on similar lands similarly cultivated was not prejudicial where defendant's answer was, "The conditions would vary it."

4. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—In an action for breach of contract to furnish water for a rice crop, cross-examination of witness for defendants as to similar contracts in which witness and one of the defendants were partners was not prejudicial where the answer did not show that witness had any interest in the subject-matter of the litigation.

5. WITNESSES—IMPEACHMENT—BIAS OR PREJUDICE.—On cross-examination it is permissible to inquire whether a witness has any bias for or prejudice against the parties or any interest in the subject-matter of the litigation which might affect his credibility.

Appeal from Arkansas Circuit Court, Southern District; *Thos. C. Trimble,* Judge; affirmed.

*Young & Wilson,* for appellants.

*John W. Moncrief,* for appellee.

SMITH, J.　This suit was brought by appellee to recover damages resulting from appellants' alleged failure to furnish the necessary water to grow a rice crop pursuant to a contract so to do. The crop planted consisted of 170 acres, and it is admitted that there was a considerable shortage in the amount of rice harvested. It was insisted by appellee that this shortage was due to the fail-

ure of appellants to supply the necessary water, while appellants contended that the shortage was due to the improper preparation of the land for planting, and to the subsequent unskillful distribution of the water which was furnished. Conflicting testimony was heard in support of these two theories, and the trial resulted in a verdict and judgment for appellee for $750.

As grounds for a new trial, it is said that the verdict is contrary to the law and to the evidence, and that certain incompetent and prejudicial testimony was admitted. As to the sufficiency of the testimony, it may be said that the existence of the contract to furnish the water is admitted, and appellee testified that sufficient water was not furnished, and that, as a result of this failure, damages in a much larger sum than the amount of the verdict were sustained. As to the instructions, it may be said that they were either given at the request of the appellants, or without objection on their part.

It only remains, therefore, to determine whether prejudicial error was committed in the admission of the testimony. The motion for a new trial sets out the alleged prejudicial testimony, the error complained of consisting in certain questions which appellee was alllowed to ask his witness, Clyde Harmon, on direct examination, and a question on the cross-examination of the appellant Prange, who testified as a witness on his own behalf, and a question which was asked John Voss, a witness for appellants, on the cross-examination.

The examination of Harmon was as follows:

"DIRECT EXAMINATION.

"Q. Do you know what would have been a reasonable average yield on that farm that year if it had had sufficient water?

A. Well, fifty bushels to the acre would have been an average yield. (Defendant objects, overruled, exceptions.)

Q. You may state to the jury whether or not you have grown rice on land like that.

A. Yes, sir.

Judge: Confine it to that neighborhood.

A. Well, I grew rice about five miles from there.

Q. Was the soil like that where Mr. Young was?

A. Yes, sir.

The defendant objected as being too far away.

Court: If it was the same he can testify to it. To which ruling of the court defendant excepted, etc.''

The question asked the witness Prange was as follows:

''Q. If Mr. Harmon seeded other lands with this tractor, and got 84 bushels to the acre off of it, what would you say about that?''

The objection to the question having been overruled, the witness answered, ''The conditions would vary it.''

The question asked the witness, John Voss, was as follows:

''Q. Whenever you make a contract to furnish water, and whenever the time comes to furnish the water, Tindall will say it was Voss' business, and if you go to Voss, he would say it was Tindall's business?''

The objection to this question having been overruled, the witness answered: ''I rented land from him last year, but that was the first.''

The excerpt set out above from the bill of exceptions is all of the testimony of the witness Harmon set out in the motion for a new trial, but it was not all of the testimony given by the witness at the trial. The objection to the testimony is that the question addressed to the witness and which he was allowed to answer did not take into account the particular season, nor the method of farming. But the witness had previously testified that he himself planted most of the crop, and he had stated the method of its cultivation, and, according to this witness, the land had been properly prepared and farmed, and no uncertainty could have existed as to the season, for the first question asked referred to the year in question, it being, ''What would have been a reasonable average yield on that farm *that year,* if it had had sufficient water?'' No error was committed in the question asked

appellant Prange, who testified as a witness in his own behalf. In his direct examination, this witness had given testimony as to the kind of work done by the tractor and drill used by Harmon and appellee in the preparation of their land. The court had refused to permit the witness Harmon to testify that other similar land prepared by him with the same tractor used on appellee's land, which had had sufficient water, had produced that year eighty-four bushels of rice to the acre, and the court having stated that the testimony should be confined to the average yield of similar lands, and not to particular instances. But, as the witness Prange had undertaken to show improper cultivation, it was not improper to show in rebuttal of this testimoney that good crops had been made on similar lands, which had been similarly cultivated. The answer of the witness, however, contained nothing to his prejudice, because he said that "the conditions would vary it."

We think no prejudicial error was committed in the cross-examination of the witness Voss. This witness and his wife, who also testified, gave testimony to the effect that the shortage in the crop was not due to the insufficient supply of water, but to the improper cultivation of the land. By way of impeachment of this testimony, appellee sought by the cross-examination of the witness to show that witness and appellant Tindall were business associates in other contracts of similar character, although Voss was not interested in the contract out of which this litigation arose. Voss' answer that, "I rented land from him last year, but that was the first," did not show that the witness had any interest in the subject matter of the litigation. This answer concluded the inquiry, and no prejudice could have resulted from the question, as it was, of course, permissible for appellee to inquire of the witness whether the witness had any bias for one of the parties or prejudice against the other, or interest in the subject matter of the litigation, which might affect his credibility.

Such an inquiry is a proper subject matter of a cross-examination.

No prejudicial error appearing, the judgment is affirmed.